IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT A. DANENBERG, )
)
         Plaintiff, )
)
    v. )         CV 124-006
)
WARDEN JAMES KEVIN PERRY; MH )
COUNSELOR JAMES; LISA MAYO; and )
DONNA YOUNG, )
)
         Defendants. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding *pro se* and has paid the $405.00 filing fee.  However, notwithstanding any filing fee, the amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A(b); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.     SCREENING THE AMENDED COMPLAINT

### A.     PROCEDURAL BACKGROUND

On February 1, 2024, after identifying deficiencies in Plaintiff's original complaint, the Court directed Plaintiff to submit an amended complaint within fourteen days.  (See doc. no. 4, pp. 3-7.)  When Plaintiff failed to file an amended complaint, the Court issued a Report

and Recommendation ("R&R") on March 5, 2024, recommending Plaintiff's case be dismissed for failure to state a claim and failure to comply with the Court's February 1st Order. (Doc. no. 7.)

On March 12, 2024, the February 1st Order was returned to the Clerk of Court as undeliverable. (Doc. no. 9.) Accordingly, the Court *sua sponte* ordered the Clerk of Court to re-serve the February 1st Order on Plaintiff, granted Plaintiff an extension of time to comply with the Order, and informed Plaintiff the March 5th R&R would not be submitted to the presiding District Judge until Plaintiff's extended deadline had passed. (Doc. no. 10.) Plaintiff then requested extensions of time to file objections to the March 5th R&R, moved to amend his complaint, and made reference to dismissal of his case, though his requests were largely illegible and incoherent. (See doc. nos. 11-14.)

In an abundance of caution, on April 23, 2024, the Court vacated the March 5th R&R and granted Plaintiff leave to file an amended complaint within fourteen days. (Doc. no. 14.) Plaintiff filed an amended complaint dated May 9, 2024. (Doc. no. 15.) As the Court previously explained to Plaintiff, the amended complaint supersedes and replaces in its entirety the previous pleading. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

### B.   FACTUAL BACKGROUND

In his amended complaint, Plaintiff names the following Defendants in their individual and official capacities: (1) MH Counselor James, (2) Lisa Mayo, and (3) Donna Young. (Doc. no. 15, pp. 2-3.) Named in the initial complaint but not the amended complaint was Warden James Kevin Perry. (Compare doc. no. 1 with doc. no. 15.) Like his claims against Warden Perry in his original complaint, many of Plaintiff's allegations are not

tied to Counselor James, Ms. Mayo, or Ms. Young and instead read as general assertions of unsatisfactory conditions at and beyond ASMP.  (See generally doc. no. 15.)   The only allegation mentioning Counselor James, Ms. Mayo, or Ms. Young is Plaintiff's allegation that "Donna Young/Lisa Mayo/James are participating in torture, torment [f]or hire w/ John C. [last name illegible] as their contact," with no additional facts provided to support this claim.  (Id. at 7.)   The remainder of Plaintiff's amended complaint consists of illegible, disjointed, and incoherent allegations.  (See id. at 4-9.)  To the extent the Court can discern the substance of Plaintiff's complaint, his allegations cover various topics, including ants, inedible meal trays, a "cattle prod device," issues with walking, inadequate medication, and physical assault.  (See generally id.)  Plaintiff's amended complaint also includes other illegible concerns and various slurs of unclear relevance.  (Id.)  For relief, Plaintiff requests "transfer & Wellstar."  (Id. at 6.)

## C.   DISCUSSION

### 1.   Legal Standard for Screening

As the Court explained in its February 1st Order and March 5th R&R, the complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Failure to state a claim under § 1915A(b) is "no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6)."  White v. Lemma, 947 F.3d 1373, 1377 (11th Cir. 2020) (per curiam) (citing Jones v. Bock, 549 U.S. 199, 215-16 (2007)), abrogated on other grounds by Wells v. Brown, 58 F.4th 1347 (11th Cir. 2023).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2.      Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading**

A district court has authority to manage its docket to expeditiously resolve cases, and

this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action sua sponte for "willful disobedience or neglect of any order of the Court"). Although the Court gives a liberal construction to pro se pleadings, pro se litigants are nevertheless required to conform to procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  Furthermore, to properly raise a claim, a pleading must associate the purported constitutional violation with a specific defendant. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate

count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

>    The Eleventh Circuit is particularly opprobrious of what are known as
>    "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b).  See
>    Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th
>    Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism
>    aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291,
>    1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for
>    shotgun pleadings.").  There are four types of shotgun pleadings:  first, those
>    "containing multiple counts where each count adopts the allegations of all
>    preceding counts, causing each successive count to carry all that came before. .
>    . ."  Weiland, 792 F.3d at 1321.  The second type is "replete with conclusory,
>    vague, and immaterial facts not obviously connected to any particular cause of
>    action."  Id. at 1322.  Third are those that do not separate each claim into a
>    separate count.  See id. at 1322-23.  Fourth is the "relatively rare sin of
>    asserting multiple claims against multiple defendants without specifying which
>    of the defendants are responsible for which acts . . . or which of the defendants
>    the claim is brought against."  Id. at 1323.
>
>            . . . .
>
>    The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to
>    discern what the plaintiff is claiming and frame a responsive pleading and to
>    allow the court to determine whether the plaintiff has stated a claim for which
>    relief can be granted.  See Weiland, 792 F.3d at 1320.  Courts are not required
>    to "sift through the facts presented and decide for [itself] which [are]
>    material."  Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372
>    (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020)

(Hall, C.J.).  The unifying characteristic of all types of shotgun pleadings is that they fail to

one degree or another, and in one way or another, to give the defendants adequate notice of

the claims against them and the grounds upon which each claim rests."  Weiland 792 F.3d at

1323 (footnote omitted).

Here, the Court warned Plaintiff about the deficiencies in his original complaint,

provided specific instructions on how to amend his complaint with factual details in

separately numbered paragraphs with only one act of misconduct per paragraph, instructed Plaintiff to include dates, names, and locations of particular actions, and warned that failure to correct these deficiencies would result in the Court recommending dismissal.  (See doc. no. 4.)  Plaintiff failed to correct the pleading deficiencies and did not follow the Court's Order. Instead, Plaintiff filed a quintessential shotgun pleading in violation of Federal Rule of Civil Procedure 20.    Though Plaintiff's amended complaint raises new claims against new Defendants, Plaintiff's amended complaint makes only one unsupported allegation associating the individual Defendants with purported constitutional violations.  (See doc. no. 15, p. 7.)   The remainder of Plaintiff's amended complaint is an incoherent account of alleged wrongs by unspecified actors at unspecified times and locations.  (See generally id.) Such conclusory allegations – devoid of specific factual detail connecting Defendants to alleged wrongs – does not comply with the Court's prior Order and does not satisfy minimum pleading requirements.  Plaintiff's conclusory "the-defendants-unlawfully-harmed-me accusations" will not suffice.  See Iqbal, 556 U.S. at 678; see also Roberts v. Houston Cnty. Superior Ct., No. 20-14857, 2021 WL 6099478, at *3-4 (11th Cir. Dec. 23, 2021) (per curiam) (affirming dismissal of pro se complaint that failed to provide specific facts about what defendant did or failed to do and subsequent attempt to add facts failed "to specify which individuals allegedly violated [plaintiff's] rights and when her rights were allegedly violated").

In sum, Plaintiff's amended complaint is a shotgun pleading which should be dismissed.  See Abdulla v. So. Bank, No. 22-12037, 2023 WL 2988135, at *2 (11th Cir. Apr. 18, 2023) (per curiam) (affirming dismissal of amended complaint as shotgun pleading where amendment contained "numerous conclusory, vague, and immaterial facts"); Ramos v.

Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear").  Indeed, it is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint.  Jester v. Ayodele Ayedun, et al., 2022 WL 16748798, at *1 (S.D. Ga. Nov. 7, 2022), aff'd, No. 22-14213 (11th Cir. Aug. 11, 2023) (affirming rejection of complaint that did not comply with amendment instructions); see also Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of June, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA